## L. W. & P. ARMSTRONG ET AL.

*v.*

## ISABEL LOPEZ CRUZ ET AL.

---

## IN THE MATTER OF THE INTERVENTION OF MARIA MATTA, VIUDA DE ARTURO BIRD.

---

Ponce, Equity, No. 1092.

Opinion filed March 8, 1924.

---

*Jaime Sifre, Esq.,* for plaintiffs.

*O. B. Frazer, Esq.,* for minor defendants.

*H. G. Molina, Esq.,* for Albert E. Lee, Esq., receiver.

*Leopoldo Feliu, Esq.,* special counsel for the receiver.

*Juan B. Soto, Esq.,* for Maria Matta, intervener.

ODLIN, Judge, delivered the following opinion:

The matter involved in this intervention proceeding is one of very great importance, and has been very thoroughly tried and admirably argued by Mr. Feliu, as special counsel for the receiver, and by Mr. Soto, representing the intervener, who is a widow.

In order to avoid confusion, it is proper to state at the start that Mr. Juan B. Soto, the present counsel for the intervener, is not in any way associated with Mr. Jose Tous Soto, who acted as counsel for the said widow at the time of the transaction which gave rise to this proceeding, and also is in no way associated with Mr. Manuel Tous Soto, who was the notary public before whom was executed the instrument hereinafter referred to.

It is admitted that in the year 1911 a partnership was created by two brothers, one of whom was Enrique Bird Arias, having a two-thirds interest in said partnership, and the other was Arturo C. Bird, owning the other one-third interest. It is also admitted that said partnership continued until the year 1917, when Arturo C. Bird died testate, and the sole devisee under his will was his widow, Maria Matta, the present intervener. It is also admitted that in the year 1919, the other partner, Enrique Bird Arias, died; and that his widow and children are the defendants in the present suit as originally brought by L. W. & P. Armstrong, in July, 1921, as a result of which suit

this court appointed as receiver, Mr. Albert E. Lee, who took charge of all the property described in the bill, which property was thereafter sold, by order of this court, and purchased by Charles W. Fowler, representing creditors of the said estate of Enrique Bird Arias, the claims of said creditors exceeding $1,000,000, and the proceeds of said sale amounted to $750,-000, more or less, most of which has been distributed, but a considerable sum still remains in the hands of the said receiver.

Shortly after the appointment of the said receiver, this court permitted the present intervener, Maria Matta, to bring this proceeding against the receiver, based upon her claim that she had been defrauded, in the early part of the year 1918, after the death of her husband, but while Enrique Bird Arias was living, when a certain deed was signed by her own brother, Enrique Matta Quiñones, acting under a power of attorney, which she had granted him, she being at the time in the state of Pennsylvania, and her said brother residing in Porto Rico. This deed was executed before the notary public Mr. Manuel Tous Soto, and carried into effect an agreement which had been made between her brother, acting for her, and the said Enrique Bird Arias; said agreement transferring for the sum of $46,000 all of the interest, shares, and rights in all the properties of the said partnership which had passed to the said Maria Matta under the will of her husband, the said Arturo C. Bird Arias. It is conceded that in October, 1916, while both brothers were living, Enrique Bird Arias purchased a large amount of property for the sum of $266,666 from Mr. Genero Cautiño et al. which property forms a principal part of the subject-matter of this litigation, and which was included in the sale above re-

ferred to, made by order of this court, the purchaser being
Charles W. Fowler, as aforesaid.

The controversy arises over the claim made by the widow,
Maria Matta, that her brother was deceived and misled by
Enrique Bird Arias at the time of the sale for the sum of
$46,000 of the property heretofore mentioned, it being alleged
that the same was accomplished by the said Enrique Bird Arias,
who showed to the said brother, Enrique Matta Quiñones, a
certain list and inventory, and the said Enrique Bird Arias
stated to the said Enrique Matta Quiñones that this list and
inventory included all the properties then belonging to the part-
nership, which statement the said Enrique Matta Quiñones be-
lieved to be true. It is further alleged that the said Enrique
Bird Arias, knowingly and fraudulently omitted from said list
and inventory, the shares, interest, and rights of the partner-
ship in the properties above described as having been purchased
from Genero Cautiño et al. Furthermore, it is claimed by the
widow that at the time of the said agreement, in the early part
of the year 1918, the brother, Enrique Matta Quiñones, acted
upon the impression and belief that the properties mentioned
in the list and inventory did actually include all the properties,
and the only properties, then belonging to the said partnership;
and it is further claimed that the said sum of $46,000 paid to
the widow was totally inadequate and unfair, because the in-
terest of the widow at the time of said agreement in the proper-
ties actually owned by said partnership, had a value of at least
$300,000. It is further alleged that after said agreement of
February, 1918, and up to the month of July, 1921, the said
properties so improperly omitted from the inventory, had
earned for Enrique Bird Arias, until his death in 1919, and

for his widow and heirs since his death, the large sum of $600,-000, one third of which lawfully belongs to the intervener.

The bill of intervention also states that the intervener remained in the state of Pennsylvania, not returning to Porto Rico until the year 1920, and then she learned for the first time of the alleged fraud which had been practiced upon her brother. The bill offers to return the sum of $46,000 which was actually received, and prays that this court annul the agreement of February, 1918, and declare that the intervener is the owner of one-third interest in the properties above mentioned, as fraudulently omitted from the said inventory, and that an accounting be had in order to ascertain the actual amount of the rents and profits which should be adjudged to her as a result of the alleged fraud which forms the basis of this intervention.

A large number of witnesses testified in this proceeding, after the receiver had filed an answer denying all the material allegations of the petition in intervention. The matter was thoroughly investigated and argued with great ability by Mr. Juan B. Soto, representing the widow, and by Mr. Leopoldo Feliu, who was specially employed to represent the receiver.

The interesting question arises at the outset as to how far this court would be authorized in considering testimony as to what Enrique Bird Arias stated orally to the brother of the intervener, at the time of the contract in February, 1918, because the brother is still living and testified orally in this case, whereas Enrique Bird Arias died the year following the execution of the instrument.

After careful consideration of this matter, the conclusion which I have reached makes it unnecessary to discuss that point. When the negotiations began for the purchase of the

interest of the widow, her brother, acting as her attorney in
fact, employed a very eminent member of the Porto Rico bar,
Mr. Jose Tous Soto, who acted for him; and Enrique Bird
Arias, who was then living, was represented by the Honorable
Antonio R. Barcelo, also a very prominent and leading member
of the Porto Rico bar. Mr. Barcelo was one of the most im-
portant witnesses whom I heard. His testimony impressed me
as being a very clear, correct, and frank statement of the facts.
I have not the slightest doubt that the transaction at Fajardo,
resulting in this agreement, was carried out exactly as Mr.
Barcelo testified. It seems that Mr. Jose Tous Soto personally
went to Fajardo, was invited by Mr. Barcelo to inspect all the
books, records, and papers of the said partnership, and that he
had every opportunity to ascertain the exact condition of all
the assets, the enterprise at that time being prosperous and
there being not the slightest ground to expect the receivership
which came three and one-half years later. It is quite signifi-
cant that Mr. Jose Tous Soto did not testify. I cannot possibly
avoid the conclusion that if Mr. Barcelo's statements had been
incorrect, Mr. Jose Tous Soto would have been called as a wit-
ness on behalf of the intervener, who was his client at the time
of this transaction. The burden of proof is clearly upon the
party alleging fraud to prove it. In order for the court to give
a judgment as is sought by this bill in intervention it would, of
course, be necessary for the court to be satisfied, not beyond a
reasonable doubt, but by a preponderance of the evidence, that
fraud and deceit had been practiced by the then surviving
brother upon the widow of his former partner.

After listening to all the testimony in this case, and after
considering with care, the strong arguments which have been

made by the respective counsel, it is impossible for me to say that there was the concealment and fraud which the widow alleges. There, therefore, is nothing for me to do but to dismiss the petition for intervention, and it is so ordered.

To this order and opinion counsel for Maria Matta excepts.

Done and Ordered in open court at Ponce, Porto Rico, this 8th day of March, 1924.